UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL MARTINEZ-GONZALEZ,

        Petitioner,

   v.

                                 Case No. 2:26-cv-1730-KCD-NPM

WARDEN, ALLIGATOR
ALCATRAZ,  U.S. ATTORNEY
GENERAL,

        Respondents.
                              /

## **ORDER**

Petitioner Raul Martinez-Gonzalez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 1-4.)[2] This is Martinez-Gonzalez's second petition. The prior petition was denied because it was filed within the presumptively reasonable six-month period set forth in *Zadvydas*. *See* Case No. 26-cv-904-KCD-NPM. He's still within the six-month window, but he now argues that he should be released because he suffers from a worsening medical condition. (Doc. 1 at 2.) Because

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The Petition is not paginated, so the Court uses the numbering generated by its electronic filing system.

Martinez-Gonzalez's detention is still within the six-month window, and he has otherwise raised no claim appropriate for habeas relief, the same result applies here.

## I. Background

Martinez-Gonzalez entered the United States as a parolee and became a lawful permanent resident. After an aggravated felony conviction, however, he was placed in removal proceedings. In 2013, an immigration judge ordered Martinez-Gonzalez removed to Cuba. ICE briefly detained Martinez-Gonzalez before releasing him on an order of supervision in July 2013.

His supervision came to an end after ICE encountered Martinez-Gonzalez in state custody for charges relating to controlled substances, tampering with physical evidence, and curb drinking. ICE took Martinez-Gonzalez into custody on March 9, 2026.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention."

*Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at \*2 (S.D. Fla. Sept. 9, 2025).

### III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months

3

but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Martinez-Gonzalez cannot satisfy the initial temporal requirement. ICE took him into custody on March 9, 2026. Because he has been detained for less than six months, he remains within the window in which his detention is presumptively reasonable. Seemingly recognizing this, his petition jumps to the burden-shifting framework, arguing that his removal is not likely in the foreseeable future. (Doc. 1 at 4.) But this argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Finally, Martinez-Gonzalez alleges that he has a serious medical condition that has deteriorated while in custody. (Doc. 1 at 3-4.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241

4

petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

## IV. Conclusion

Martinez-Gonzalez's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is again **DENIED WITHOUT PREJUDICE** to him refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 2, 2026.

Kyle C. Dudek
United States District Judge